ADAMS *v.* MEYROSE and another.*

*(Circuit Court, E. D. Missouri. March 2, 1882.)*

1. PATENTS—LICENSE TO MANUFACTURE AND SELL—BILL TO ANNUL LICENSE AND FOR DAMAGES—DEMURRER.

Where a complainant alleged in his bill that " by virtue of mesne assignments duly recorded in the patent-office of the United States " he was the sole owner of certain letters patent within and for a certain state ; that he had licensed the defendant to manufacture the patented article in that state, and sell it throughout the United States ; that the defendant had agreed to sell the articles manufactured under said license at certain schedule prices, and to pay the complainant a certain royalty ; that by the terms of the license the rights of the defendant were to be forfeited and the license to become void in case of failure on the licensee's part to perform any of the agreements in the license contained for a specified length of time after notice, or to make returns of sales or payments for 20 days after specified dates ; that defendant sold articles manufactured under said license at less than the schedule prices, and failed to pay a royalty as he had agreed to ; that complainant had notified him that from and after a certain date, 24 days thereafter, he would consider said license void, in consequence of defendant's breaches of the agreements therein contained ; that

*Reported by B. F. Rex, Esq., of the St. Louis bar.

after the date specified in the notice the defendant had continued to manufacture and sell the patented articles in said state as before, but had failed and refused to pay any royalty; and where the prayers of the bill were that the defendant might be required to answer thereto; that said license might be declared null and void; for damages, and for general relief,—*held*, that the bill sufficiently set forth facts entitling the complainant to relief in a court of equity.

In Equity. Demurrer to bill.

The plaintiff, by his bill, alleges—

"That heretofore, to-wit, on the first day of January, A. D. 1880, your orator, by virtue of mesne assignments duly recorded in the patent-office of the United States, became and now is the sole owner of all right, title, and interest in and to certain letters patent of the United States, within and for the state of Missouri, on an improved lantern; that on the tenth day of January, 1880, he licensed the defendants to manufacture such lanterns in St. Louis and sell them throughout the United States; that defendants agreed to sell the lanterns manufactured by him under said license at certain agreed prices, and to pay a specific royalty to the complainant; that the license was upon condition that if defendants should fail to keep and perform any of the agreements therein contained for 10 days after notice in writing specifying said default, or should neglect or refuse to make returns, or to make payments for 20 days after the times therefor specified, the license should become null and void, and all rights to use any of said improvements should be forfeited, and the complainant might treat the defendants as infringers for any manufacture or sale of said improvements after said forfeiture; that the defendants sold said improved lanterns in said state for less than the prices agreed upon, and failed to pay the agreed royalty at the times specified in said license; that on the twenty-seventh day of July, 1880, the complainant caused the defendants to be notified that after the twentieth day of August, 1880, said license would be considered null and void by the complainant, by reason of the defendants having failed to comply with its terms; that since August 20, 1880, defendant has continued to manufacture said improved lanterns in the state of Missouri, and to sell them as before, but has failed and refused to pay any royalty to the complainant; and that in consequence of the defendants having violated the said agreement, and continued to manufacture and vend said lanterns as aforesaid, the complainant has been damaged in the sum of $4,000."

The prayer of the bill is as follows, viz:

"That the said Ferdinand Meyrose and Bernard Meyrose [the defendants] may be required to make full and direct answer to the same, but not under oath, an answer under oath being hereby expressly waived, and that the said agreement and contract between your orator and said defendants, hereinbefore set forth, may be by this honorable court declared null and void, and that said agreement and contract may be delivered up to be cancelled; that all rights to use any of the inventions and improvements in said agreement and contract granted to said defendants may be forfeited; that said defendants may be decreed to pay to your orator the sum of $4,000 damages for their wrongful

acts as aforesaid, and such further sum as the court shall deem equitable and just; and that your orator may have such other or further relief in the premises as equity may require and to your honors may seem meet.".

The defendants demurred to the bill on the following grounds, to-wit:

*First*, that the complainant is not entitled to a discovery upon which to predicate a forfeiture; *second*, that the complainant can have an effectual and complete remedy at law; and, *third*, that the bill is multifarious.

*Coburn & Thatcher*, for complainant.

*Edward J. O'Brien*, for defendants.

TREAT, D. J. A demurrer is interposed to the bill on grounds therein stated. The plaintiff, claiming to be the assignee of patents mentioned, granted to defendants a license for the use of the same on terms prescribed. A former suit was brought for an infringement, which this court held could not be maintained so long as said license was outstanding.* Its ruling was based on *Hartell* v. *Tilghman*, 99 U. S. 547. This suit is for the revocation of said license and for other relief. Under the allegations of the bill, if maintained, the plaintiff's right to relief will obtain, the measure thereof to follow as the facts may demand.

The court holds the demurrer not well taken, and the same is overruled.